UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK LLOYD DAWKINS | CIVIL ACTION |
| VERSUS | NO. 17-3533 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (4) |

| | |
|---|---|
| MARCUS JEROME PEAIRS | CIVIL ACTION |
| VERSUS | NO. 17-3596 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (4) |

| | |
|---|---|
| STEVE COLEMAN | CIVIL ACTION |
| VERSUS | NO. 17-4158 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (1) |

| | |
|---|---|
| MARCUS GRANT | CIVIL ACTION |
| VERSUS | NO. 17-4334 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (4) |

| | |
|---|---|
| AL'TERRYAL HARRIS | CIVIL ACTION |
| VERSUS | NO. 17-4342 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION R (4) |

1

## <u>ORDER AND REASONS</u>

Before the Court are motions for reconsideration filed by each of the above-captioned plaintiffs.[1]   Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, the "BP parties") oppose plaintiffs' motions.[2]   For the following reasons, the Court denies plaintiffs' motions for reconsideration.

## I.   BACKGROUND

Plaintiffs Frederick Lloyd Dawkins, Marcus Jerome Peairs, Steve Coleman, Marcus Grant, and Al'Terryal Harris each filed lawsuits against defendants based on their alleged exposure to toxic chemicals following the

---

[1]   *Harris*, No. 17-4342, R. Doc. 76; *Peairs*, No. 17-3596, R. Doc. 67; *Grant*, No. 17-4334, R. Doc. 65; *Coleman*, No. 17-4158, R. Doc. 75; *Dawkins*, No. 17-3533, R. Doc. 79.

[2]   The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' opposition to plaintiffs' motions for reconsideration.   *Harris*, No. 17-4342, R. Doc. 77 at 1 n.1; *Peairs*, No. 17-3596, R. Doc. 68 at 1 n.1; *Grant*, No. 17-4334, R. Doc. 66 at 1 n.1; *Coleman*, No. 17-4158, R. Doc. 76 at 1 n.1; *Dawkins*, No. 17-3533, R. Doc. 80 at 1 n.1.

*Deepwater Horizon* oil spill in the Gulf of Mexico.[3]   Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his resulting exposure to crude oil and dispersants caused a litany of health conditions.[4]   Plaintiffs brought claims for general maritime negligence, negligence per se, and gross negligence against defendants.[5]

In each case, the plaintiffs submitted an expert report from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms they allege in their complaints.[6]   Dr. Cook was plaintiffs' only expert on the issue of general causation.[7]   This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Fed. R. Civ. P. 702 because, among other issues, Dr. Cook did not identify what level of exposure to the specific chemicals to which plaintiffs were exposed is necessary to be capable of causing the specific conditions plaintiffs complained of.[8]   The Court

---

[3]   *Harris*, No. 17-4342, R. Doc. 75 at 2; *Peairs*, No. 17-3596, R. Doc. 64 at 2; *Grant*, No. 17-4334, R. Doc. 62 at 2; *Coleman*, No. 17-4158, R. Doc. 72 at 2; *Dawkins*, No. 17-3533, R. Doc. 75 at 2.

[4]   *Id.*

[5]   *Harris*, No. 17-4342, R. Doc. 75 at 3; *Peairs*, No. 17-3596, R. Doc. 64 at 3; *Grant*, No. 17-4334, R. Doc. 62 at 3; *Coleman*, No. 17-4158, R. Doc. 72 at 3; *Dawkins*, No. 17-3533, R. Doc. 75 at 3.

[6]   *Id.*

[7]   *Id.*

[8]   *Harris*, No. 17-4342, R. Doc. 75 at 18; *Peairs*, No. 17-3596, R. Doc. 64

concluded that Dr. Cook "lacks sufficient facts on both the composition of the substances at issue and their toxicity to provide a reliable opinion on general causation."[9]   Because expert testimony is required to establish general causation in toxic tort cases, and plaintiffs' sole expert witness on the issue of general causation was excluded, this Court granted defendants' motions for summary judgment in each case.[10]

Plaintiffs now move this Court for reconsideration under Rule 59(e) of its orders excluding Dr. Cook's testimony and granting defendants' motions for summary judgment.[11]   Each of plaintiffs' motions are substantively identical.   In support of their motions, plaintiffs contend they have been unable to "properly present appropriate expert testimony regarding dosage

---

at 19; *Grant*, No. 17-4334, R. Doc. 62 at 18; *Coleman*, No. 17-4158, R. Doc. 72 at 18; *Dawkins*, No. 17-3533, R. Doc. 75 at 18.

[9]   *Harris*, No. 17-4342, R. Doc. 75 at 23; *Peairs*, No. 17-3596, R. Doc. 64 at 23; *Grant*, No. 17-4334, R. Doc. 62 at 23; *Coleman*, No. 17-4158, R. Doc. 72 at 23; *Dawkins*, No. 17-3533, R. Doc. 75 at 23.

[10]   A more fulsome description of the facts and procedural history of each case can be found at the Order and Reasons granting defendants' motions *in limine* and motions for summary judgment in each case. *See Harris*, No. 17-4342, R. Doc. 75; *Peairs*, No. 17-3596, R. Doc. 64; *Grant*, No. 17-4334, R. Doc. 62; *Coleman*, No. 17-4158, R. Doc. 72; *Dawkins*, No. 17-3533, R. Doc. 75.

[11]   *Harris*, No. 17-4342, R. Doc. 76; *Peairs*, No. 17-3596, R. Doc. 67; *Grant*, No. 17-4334, R. Doc. 65; *Coleman*, No. 17-4158, R. Doc. 75; *Dawkins*, No. 17-3533, R. Doc. 79.

due to Defendant BP's alleged mismanagement of biological monitoring."[12] They note that another section of this Court has sanctioned defendants for failing to produce a proper 30(b)(6) corporate witness to testify to the issue of biological monitoring, and argue that "summary judgment is not appropriate where it has now been ruled that BP failed to produce a qualified corporate witness to respond to questions that go to the heart of the general causation issue."[13]   Plaintiffs argue that upon reconsideration, this Court should "deny [defendants'] motions *in limine* and motions for summary judgment until they can "obtain a proper 30(b)(6) deposition of a qualified corporate witness."[14]

In response, the BP parties contend that plaintiffs present no new evidence or argument; rather, they simply rehash the arguments they presented in response to defendants' motions *in limine* in contravention of Rule 59(e).[15]   They further argue that the issue of discovery sanctions is

---

[12]   *Harris*, No. 17-4342, R. Doc. 76 at 1; *Peairs*, No. 17-3596, R. Doc. 67 at 1; *Grant*, No. 17-4334, R. Doc. 65 at 1; *Coleman*, No. 17-4158, R. Doc. 75 at 1; *Dawkins*, No. 17-3533, R. Doc. 79 at 1.

[13]   *Harris*, No. 17-4342, R. Doc. 76-1 at 3; *Peairs*, No. 17-3596, R. Doc. 67-1 at 3; *Grant*, No. 17-4334, R. Doc. 65-1 at 3; *Coleman*, No. 17-4158, R. Doc. 75-1 at 3; *Dawkins*, No. 17-3533, R. Doc. 79-1 at 3.

[14]   *Id.*

[15]   *Harris*, No. 17-4342, R. Doc. 77 at 1; *Peairs*, No. 17-3596, R. Doc. 68 at 1; *Grant*, No. 17-4334, R. Doc. 66 at 1; *Coleman*, No. 17-4158, R. Doc. 76 at 1; *Dawkins*, No. 17-3533, R. Doc. 80 at 1.

irrelevant to general causation.[16]

The Court considers the motions below.

## II.   LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e).   *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).   That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."   *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).   "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."   *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."   *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019)

---

[16]   *Id.*   Defendants also argue that plaintiffs are not entitled to an adverse inference based on an "anticipatory spoliation" theory that plaintiffs have allegedly advanced in other sections of this Court.   *Harris*, No. 17-4342, R. Doc. 77 at 1-2; *Peairs*, No. 17-3596, R. Doc. 68 at 1-2; *Grant*, No. 17-4334, R. Doc. 66 at 1-2; *Coleman*, No. 17-4158, R. Doc. 76 at 1-2; *Dawkins*, No. 17-3533, R. Doc. 80 at 1-2.   Because plaintiffs have not made that argument in the pending motions, it will not be addressed here.

(quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).    Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law."    *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at \*2 (E.D. La. Feb. 3, 1998).

## III.  DISCUSSION

Plaintiffs contend they are entitled to reconsideration of this Court's orders excluding the testimony of Dr. Cook and granting defendants' motions for summary judgment because defendants have improperly blocked plaintiffs' discovery on the issue of defendants' biomonitoring efforts after the *Deepwater Horizon* oil spill.[17]    Plaintiffs advanced this very same argument, and highlighted the possibility that defendants would be sanctioned for their alleged discovery abuses in the *Torres-Lugo* case, in

---

[17]    *Harris*, No. 17-4342, R. Doc. 76 at 1; *Peairs*, No. 17-3596, R. Doc. 67 at 1; *Grant*, No. 17-4334, R. Doc. 65 at 1; *Coleman*, No. 17-4158, R. Doc. 75 at 1; *Dawkins*, No. 17-3533, R. Doc. 79 at 1.

response to defendants' motions *in limine*. [18]   This Court granted defendants' motions in the face of plaintiffs' arguments, and the fact that sanctions were, in fact, granted in the *Torres-Lugo* case does not change the Court's conclusions.   Plaintiffs' "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [them] to a second bite at the apple" through reconsideration under Rule 59(e).   *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

As this Court has explained in response to the motions to continue all deadlines that several of the above-named plaintiffs recently filed, "the issues involved in the [] sanctions motion are not outcome determinative of defendants' motion[s] *in limine* on the issue of admissibility of Dr. Cook's report, or on the merits of defendants' summary judgment motion." [19]

---

[18]   *Harris*, No. 17-4342, R. Doc. 56 at 8-9; *Peairs*, No. 17-3596, R. Doc. 51-17 at 5; *Grant*, No. 17-4334, R. Doc. 49-17 at 5; *Coleman*, No. 17-4158, R. Doc. 55 at 9; *Dawkins*, No. 17-3533, R. Doc. 63 at 8-9.

[19]   *See Peairs*, No. 17-3596, R. Doc. 65 at 2; *Coleman*, No. 17-4158, R. Doc. 71 at 1-2.   That defendants' motion *in limine* and motion for summary judgment were dismissed without prejudice in the *Torres-Lugo* case pending defendants' compliance with the sanctions order issued in that case does not alter or undermine this Court's conclusion that the discovery plaintiffs seek is irrelevant to the admissibility of Dr. Cook's testimony, because such discovery would not "cure the lack of 'fit' between Dr. Cook's general causation report and the facts of plaintiff[s'] case[s]."   *Peairs*, No. 17-3596, R. Doc. 65 at 4.

Plaintiffs do not contend the discovery they are seeking, which involves what BP did not do after the oil spill, would supply the missing dose-response relationship or cure the lack of fit between Dr. Cook's opinion and the facts of their cases, which were the bases for this Court's decision.

Other sections of this Court have observed the same, noting that "the point of an expert on general causation is to explain whether the exposure to a particular chemical is capable generally of causing a certain health issue in the general population.   It is not dependent on data from the particular incident at issue." *Burns v. BP Expl. & Prod. Inc.*, No. 17-3117, R. Doc. 66 at 2 n.5 (E.D. La. July 25, 2022) (Ashe, J.) ("BP's alleged failure to monitor the oil-spill workers is irrelevant to the resolution of these motions."); *see also Ross v. BP Expl. & Prod. Inc.*, No. 17-4287, R. Doc. 60 at 12 (E.D. La. July 28, 2022) (Barbier, J.) ("[T]his [general causation] inquiry does not depend upon environmental sampling data taken as part of the incident."); *Reed v. BP Expl. & Prod. Inc.*, No. 17-3603, R. Doc. 66 at 2 (E.D. La. July 28, 2022) (Milazzo, J.) ("[T]he Court finds that the outcome of the additional discovery in *Torres-Lugo* does not affect the issues presented in Defendants' Motions.").

Plaintiffs do not claim to have discovered new evidence, nor do they

9

point to intervening changes in controlling law.   They further fail to establish that this Court's orders work a manifest injustice.   Their bare assertion that the pending discovery implicates "questions that go to the heart of the general causation issue" is insufficient to establish that they are entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs' motions for reconsideration are DENIED.

New Orleans, Louisiana, this  _20th_  day of September, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE